Erick Lynn MOORE, Appellant,

v.

The STATE of Texas, Appellee.

No. 71337.

Court of Criminal Appeals of Texas, En Banc.

June 29, 1994.

David K. Haynes, McKinney, for appellant.

Tom O'Connell, Dist. Atty., J. Bryan Clayton, David Waddill, Asst. Dist. Attys., McKinney, and Robert Huttash, State's Atty. and Matthew W. Paul, Asst. State's Atty., Austin, for the State.

## OPINION

MEYERS, Judge.

Appellant was convicted of committing murder in the course of robbery. Tex.Penal Code Ann. § 19.03(a)(2) (West 1988). After the jury affirmatively answered the submitted special issues, the trial court sentenced appellant to death. Tex.Code Crim.Proc. Ann. art. 37.071 (West 1990). Appeal to this court is automatic. Tex.Code Crim.Proc. Ann. art. 37.071(h) (West 1990). We will affirm. Appellant does not challenge the sufficiency of the evidence.

Appellant and three cohorts stopped at the rural home of the victims, a married couple, and requested automotive assistance. Pursuant to their plan, the four robbed the victims at gun point. Subsequently both the husband and wife were shot in a ransacked room of the house and left for dead. Only the husband survived.

■ In the first point of error, appellant complains the trial court erred in admitting a clandestine recording of the appellant into evidence. All parties concede appellant was properly warned and that all other necessary requirements for the admission of an electronic recording of a defendant's confession were complied with in accordance with article 38.22 of the Texas Code of Criminal Procedure. However, appellant contends that the officers who obtained the recording intentionally withheld the knowledge of the recording device in order to "trick" appellant into confessing to his crime. The officers testified the reason for their failure to inform appellant of the recording device was that they feared he may not have confessed.

Article 38.22, section 3(a) (West 1990), governs the admissibility of oral confessions. No portion of this statute requires the accused to be informed that the statement is being recorded.[1] Tex.Code Crim.Proc.Ann. art. 38.22 § 3(a) (West 1990). The officers subjective reasoning for intentionally not informing appellant of the recording is no longer independently relevant to the admissibility of appellant's oral confession. Appellant's first point of error is overruled.

■ In his second point of error, appellant complains the trial court erred in permitting the jurors to be presented with a transcription of appellant's oral confession. The transcription was given to the jury *only* during the time of the actual playing of the recorded confession. The jurors were also admonished that the transcription was not evidence.[2] Appellant argues, nevertheless, that the trial court erred in presenting the jury with such a statement because it violated our rules of criminal evidence, specifically it was improper bolstering. However, appellant's argument was raised and rejected in *Garrett*

---

1. In 1989, the Texas Legislature removed the requirement that an accused be informed that his statement was being recorded from section 3(a)(3) of article 38.22. *See* Tex.Code Crim.Proc. Ann. art. 38.22 § 3(a)(3) (West 1988). This became effective September 1, 1989. Appellant's confession occurred in December of 1990 and his trial took place in June of 1991.

2. The trial court admonished the jury as follows:

We are going to be giving you copies of the transcript that you can read along with as you listen to [the tape of the oral confession.] My instructions are to you that you will be permitted to use the transcript as you listen to the tape, to aid you, if it does, in understanding the contents of the tape. The equipment it is played on and the transcript of it are prepared by the State of Texas for your use at this time and you will remember that they caused it to be prepared.

It is not evidence. The transcript itself is not evidence. If there should be in your mind any variance whatsoever, between what you hear on the tape and what you see on the transcript, you are to remember what is on the tape and not what is in the transcript. These transcripts will be retrieved from you after you have been permitted to use them during the listening to the tape, so do not depend on the transcript for your later deliberation in the case as you will not be permitted to take the transcript with you into the jury room for your deliberation and your consideration. Any of the contents of the tape are to be based solely on the tape and not the transcript.

Again, just to remind you, the transcript will be reclaimed from you after the tape has been played, and with that understanding in just a moment, we are going to adjourn to the fifth floor and at that time, the bailiff, once we get settled will distribute to each of you a copy of the transcript, again that the State has caused to be prepared.

So there is no confusion and misunderstanding, I want to caution you again that the transcript is not evidence in this case, it is merely an aid, prepared by the State of Texas, for the aid in listening to this tape ...

*v. State,* 658 S.W.2d 592, 593–94 (Tex.Crim. App.1983). Appellant's second point of error is overruled.

Appellant argues in his third point of error that the trial court erred in allowing the State to present two improper questions to an expert witness. The questions were propounded to a State's expert who testified that appellant represented a future danger to society.[3] The first allegedly improper question "sought to appeal to racial prejudice against appellant by implying that he desired to 'knock down a white person with one punch.'" The second question incorrectly suggested that appellant had stolen a necklace from a jewelry store.

■ The asking of an improper question, by itself, will seldom call for a mistrial. *Hernandez v. State,* 805 S.W.2d 409, 413 (Tex. Crim.App.1990), *cert. denied,* 500 U.S. 960, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991); *Gonzales v. State,* 685 S.W.2d 47, 49 (Tex.Crim. App.), *cert. denied,* 472 U.S. 1009, 105 S.Ct. 2704, 86 L.Ed.2d 720 (1985). In most cases, any harm from such a question may be cured by an instruction to disregard the question. *Hernandez,* 805 S.W.2d at 413–414. A mistrial is required when the question is "clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on their minds." *Gonzales,* 685 S.W.2d at 49.

■ In the first hypothetical, the State asked its expert witness whether evidence that an individual had a desire to "knock down a white person with one punch" would affect the expert's determination of whether that individual was a "future danger."[4] Appellant's objection was sustained, and the trial court instructed the jury to disregard the question. We presume on appeal that such instructions are efficacious. Nothing in the record indicates that the prosecutor's question inflamed the minds of the jury to such an extent so as to overcome this pre-

sumption. *See Hernandez,* 805 S.W.2d at 413–414; *Gonzales,* 685 S.W.2d at 49.

■ In his complaint of the second hypothetical question, appellant argues that the State insinuated appellant stole a necklace from a jewelry store. This necklace was stolen from the deceased and later sold to another woman. The woman's mother approached appellant with the necklace and asked if she could also get one. She asked appellant if he had gotten a "five finger" discount on the necklace from the jewelry store. She testified that he laughed in response to the question. The State improperly commented that appellant stated to the mother that he "got it at a five finger discount." Appellant objected and the court instructed the jury to disregard the statement. The State continued with its question, accurately describing the mother's testimony.

We hold the court's instruction and the prosecutor's subsequent restatement of the question, cured any error. *See Hernandez,* 805 S.W.2d at 413–414; *Gonzales,* 685 S.W.2d at 49. Appellant's third point of error is overruled.

■ In the fourth point of error, appellant contends the trial court improperly permitted a State witness to testify after that witness observed the testimony of a defense witness, or after the "rule" had been invoked. *See* Tex.R.Crim.Evid. 613. The trial court permitted a State expert witness to remain in the courtroom during the testimony of appellant's expert witness and vice versa. Appellant objected. Based upon considerations of expediency during the trial, the court overruled appellant's objection.

The "Rule" governing the exclusion of witnesses is embodied in Rule 613 of the Texas Rules of Criminal Evidence, which provides,

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order on its own

---

3. The second special issue submitted to the jury asks "whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society." Tex.Code Crim.Proc.Ann. art. 37.-071(b)(2) (West 1990).

4. Because of our disposition today, we need not reach the issue of whether the question was in fact proper.

motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a defendant which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause, or (4) the victim, unless the victim is to testify and the court determines that the victim's testimony would be materially affected if the victim hears other testimony at the trial.

Prior to the promulgation of our criminal rules of evidence, the determination of whether the witnesses were excluded when a party invoked the "Rule" was discretionary with the judge. *See* Tex.Code Crim.Proc. Ann. arts. 36.03 through 36.06 (1981); *Green v. State*, 682 S.W.2d 271, 294 (Tex.Crim.App. 1984), *cert. denied*, 470 U.S. 1034, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1985); *Cooper v. State*, 578 S.W.2d 401, 403 (Tex.Crim.App.1979) (panel opinion), *overruled on other grounds*, *Bates v. State*, 587 S.W.2d 121, 143 (1979) (en banc); *compare Davis v. State*, 872 S.W.2d 743, 745, n. 1 (Tex.Crim.App.1994) (determination of reversal for excluding testimony where the "rule" has been violated remains consistent with pre-rules precedent). The trial court's decision would also not be reversed unless an abuse of discretion was shown. *Green*, 682 S.W.2d at 294; *Brown v. State*, 523 S.W.2d 238 (Tex.Crim.App.1975).

■ Our sequestration rule is no longer discretionary with the trial court. By its own terms, the court *shall* order the witnesses excluded at the request of a party or on its own motion. *See* Steven Goode, et al., 1 *Texas Practice—Guide to the Texas Rules of Evidence: Civil and Criminal*, § 614.1 (1993) (Both Criminal Rule 613 and Civil Rule 614 change pre-Rules practice of sequestration from discretionary to mandatory); Tex.R.Crim.Evid. 613; Tex.R.Civ.Evid. 614. In this instance the only rationale demonstrated within the record for lifting the "rule" was expediency.[5] The party seeking

an exception under Rule 613 has the burden of showing that one of the enumerated sections is met. *See Kelley v. State*, 817 S.W.2d 168, 172 (Tex.App.—Austin 1991, pet. ref'd.). No such showing in this cause was made. "Expediency" is not an exception under our rules. Therefore, the trial court abused its discretion in permitting the State's expert witness to remain in the courtroom during a portion of the trial. *See Hernandez v. State*, 791 S.W.2d 301, 306 (Tex.App.—Corpus Christi 1990, pet. ref'd.); *Hendley v. State*, 783 S.W.2d 750, 752 (Tex.App.—Houston [1st Dist] 1990, no pet.); *Barnhill v. State*, 779 S.W.2d 890, 892–93 (Tex.App.—Corpus Christi 1990, no pet.).

■ Recognizing such an error, we must determine if the error requires reversal. We hold the trial court's error was harmless beyond a reasonable doubt. Tex.R.App.Proc. 81(b)(2); *Kelley v. State*, 817 S.W.2d at 172; *Hernandez*, 791 S.W.2d at 306; *Hendley*, 783 S.W.2d at 752; *Barnhill*, 779 S.W.2d at 892. The State's expert witness, Dr. Coons, was permitted to remain in the courtroom *only* during the testimony of appellant's expert, Dr. Cowder. During Dr. Coons's examination, he was informed of Dr. Cowder's opinion and asked whether he agreed with it. All of Dr. Coons's answers were based upon his own expert opinion and not based upon what Dr. Cowder stated. While each disagreed on the ultimate finding of whether appellant represented a "future danger" to society, their opinions were not based upon the other's testimony. Therefore, we hold beyond a reasonable doubt that the trial court's error made no contribution to the jury's answer to the second special issue. We determine beyond a reasonable doubt that the presence of Dr. Coons in the courtroom during Dr. Cowder's testimony did not effect Coons's testimony nor the jury's determination of future dangerousness. Tex.R.App.Proc. 81(b)(2). Accordingly, appellant's fourth point of error is overruled.

---

5. However, we note that the trial court could probably have lifted the "rule" for the expert witness because he qualified as "a person whose presence [could be] shown by a party to be essential to the presentation of his cause." Tex. R.Crim.Evid. 613(3). "An example of a witness

whose presence may be essential is an expert witness. It is certainly essential to give counsel the benefit of an expert's assistance while an expert for the other party is testifying." McCormick on Evidence, § 50 p. 190, 4th Ed. (1993).

In his fifth and sixth points of error, appellant complains the trial court erred in refusing to submit the third special issue concerning provocation to the jury, and that the trial court erred in not granting a motion for new trial based upon new evidence.[6] The central issue in appellant's complaint was that at the time of her death the decedent had taken doses of narcotic drugs which were above therapeutic levels. As a result, appellant surmises that the mere existence of these drugs in her system could have caused her to provoke appellant's attack prior to her death. The motion for new trial was based upon further evidence of the victim's medical history. The narcotics involved were for the treatment of severe migraine headaches.

"In order to raise the issue of provocation, it is necessary there be evidence of the deceased's conduct just prior to death and that evidence must be sufficient to be considered provocation." *Hernandez v. State*, 643 S.W.2d 397, 401 (Tex.Crim.App.1982), *cert. denied* 462 U.S. 1144, 103 S.Ct. 3128, 77 L.Ed.2d 1379 (1983). The record presented before us never "raises the issue of provocation." The presence of drugs *alone* is insufficient for such an inference. In fact, appellant's own confession indicates quite the contrary. Appellant confessed that neither of the victims struggled or resisted. Appellant's fifth point of error is overruled.

■ Additionally, appellant seeks a new trial based upon Rule 30(b)(6) of the Texas Rules of Appellate Procedure, which provides that "a new trial shall be granted an accused for the following reasons: ... (6) Where new evidence favorable to the accused has been discovered since trial ..."[7] Prior to the adoption of our present appellate rules, to obtain a new trial based upon newly discovered evidence an appellant had to show the newly discovered evidence was unknown to him at the time of trial, his failure to discover the evidence was not due to his want of diligence, the evidence would probably bring about a different result in another trial, and the evidence is admissible and not merely cumulative, corroborative, collateral or impeaching. *Drew v. State*, 743 S.W.2d 207, 226 (Tex.Crim.App.1987).

Because rule 30(b)(6) contains language virtually identical to former Article 40.03(6), we shall review appellant's point of error under the same analysis. *See Moody v. State*, 827 S.W.2d 875, 899 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 113 S.Ct. 119, 121 L.Ed.2d 75 (1992) (rebuttable presumption under former article 40.03(7) applied to present Tex.R.App.Proc. 30(b)(7)).

In support of his motion for new trial, appellant presented further evidence of the victim's use of prescription drugs in an effort to illustrate she provoked her killer. None of appellant's new evidence is sufficient to bring about another result. At most it is merely cumulative of other evidence of the victim's alleged drug usage admitted at trial. While the evidence may indicate the victim had become dependent upon several drugs, none of the evidence presents any reliable indicia that the victim was situated such that she may have provoked appellant.[8] The trial court did not abuse its discretion in overruling appellant's motion. Appellant's sixth and final point of error is overruled.

The judgment of the trial court is affirmed.

CLINTON, J., adhering to views expressed in *Garrett v. State*, 658 S.W.2d 592,

---

6. The third special issue concerning provocation is codified in article 37.071(b)(3), which requires the court, when raised by the evidence, to submit the following issue to the jury: "if raised by the evidence, whether the conduct of the defendant in killing the deceased was unreasonable in response to the provocation, if any, by the deceased."

7. Prior to the adoption of the current Texas Rules of Appellate Procedure, motions for new trial were governed by former article 40.03 of the Texas Code of Criminal Procedure which provided that,

New trials, in cases of felony, shall be granted the defendant for the following causes, and for not other: ... (6) Where new evidence material to the defendant has been discovered since trial. A motion of a new trial on this ground shall be governed by the rules which regulate civil suits.
(Vernon 1979).

8. In his confession to the crime, appellant indicated that there was no provocation by the victim prior to the shooting.

at 594 (Tex.Cr.App.1983), joins only the judgment of the Court.

MILLER, J., dissents to point of error four.

McCORMICK, P.J., not participating.