NUMBER 13-01-018-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI




 

JODI SPARKMAN , Appellant, 
v.


THE STATE OF TEXAS , Appellee.




On appeal from the 159th District Court

of Angelina County, Texas.





O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Kennedy (1)

Opinion by Justice Kennedy



Appellant was convicted in a bench trial of manufacture of a controlled substance, methamphetamine, in the amount of 400
grams or more, and the court assessed his punishment at confinement for thirty years. His appeal raises three issues:

 ISSUE NO. 1: Did the trial court err in overruling appellant's motion to suppress?



 ISSUE NO. 2: Was there sufficient evidence to support the court's verdict?



 ISSUE NO. 3: Did the trial court err in overruling appellant's motion for new trial?



 The evidence heard by the judge shows that the arresting officer received a call from the manager of a motel complaining
of noise in a room rented to appellant (actually a trailer). The officer knew that there was an existing warrant for appellant's
arrest. When he knocked on the door of appellant's room, appellant and another man responded and came outside. The
officer saw a female in the room and identified her and the other man to be persons he believed to have existing arrest
warrants.

 When the door to the room was opened, the officer smelled what he believed to be methamphetamine cooking. (2)

 Before the officer arrested and handcuffed the female, she went to the bathroom several times. The officer went into the
bathroom because he knew that cooking methamphetamine is dangerous for several reasons. It can produce a dangerous gas
when inhaled, it can cause fires, and, under certain circumstances, can cause an explosion. The officer went to inspect the
bathroom, and when he pulled back the shower curtain he "found what I knew to be a methamphetamine lab." He seized
the paraphernalia he discovered, and a picture of it was admitted in evidence at appellant's trial.

 Appellant's first issue argues that there were no exigent circumstances to justify a warrantless search. The evidence shows
otherwise. One of the occupants of the room voluntarily opened the door. The officer smelled what, from his training and
experience, he believed to be a methamphetamine lab. He knew of the potentially disastrous results which could result if
the lab was active. His investigation led to the finding of an unlawful activity.

 In order for a warrantless search to be justified, the State must show the existence of probable cause at the time the search
was made, and the existence of exigent circumstances which made the procuring of a warrant impracticable. McNairy v.
State, 835 S.W.2d 101, 106 (Tex. Crim. App. 1991). Probable cause to search exists when reasonably trustworthy facts and
circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the
instrumentality of a crime or evidence of a crime will be found. Id.

 To leave the scene and go for a search warrant would, in this instance, have been an invitation to the appellant, or anyone
else, to destroy the evidence. (3)

 Also, having lawfully found the evidence, the officer didn't need authorization to search for it. In a suppression hearing,
the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. 
State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999) (all citations omitted). In reviewing the trial court's
decision, an appellate court views the evidence in the light most favorable to the trial court's ruling. Id. The reviewing
court may not disturb supported findings of fact absent an abuse of discretion. Id. Consequently, this court will only
address the question of whether the trial court properly applied the law to the facts. Id.

 The officer knocked on the door in response to a disturbance call. When the door was opened, he smelled what from his
training he believed to be methamphetamine. He recited several dangers applicable to the situation. In addition, the female
in the room made repeated visits to the bathroom, from which he might deduce that she could destroy what was in the
bathroom.

 The trial judge properly applied the law to the facts as he found them. He was correct in denying a motion to suppress. 
We deny the relief sought in Issue No. 1.

 Issue No. two questions whether there was sufficient evidence to support the court's verdict. In support of this issue,
appellant cites Avila v. State, 15 S.W.3d 568 (Tex. App.--Houton [14th Dist.] 2000, no pet), to say "In order to support
appellant's knowing manufacture of methamphetamine, the State must show facts and circumstances which affirmatively
link appellant to the manufacture of methamphetamine." He then cites Cude v. State, 716 S.W.2d 46 (Tex. Crim. App.,
1986) wherein a conviction was reversed because the defendant was found in a room where contraband was present but the
contraband was not found on defendant and the room was rented to his brother.

 Appellant also cites the testimony of the female in the room that the methamphetamine was hers and that she did not tell
appellant about it. First, this testimony came about in the motion for new trial which the judge didn't hear until after
appellant was convicted, and second, it was within the judge's discretion to believe or not believe the testimony. 
Appellant's additional arguments in support of this issue merely refer to circumstances which support appellant's innocence. 
Again, the judge was free to disbelieve these arguments.

 In the case before us, the room was rented to appellant. It is small enough to support the conclusion that appellant could
smell what the officer smelled from the doorway. The female made several trips to the bathroom which suggested that she
was either nervous about, or was doing something to, the incriminating evidence. Because of the potential danger, the
officer went to where the odor was coming from and discovered what he knew was a methamphetamine lab. 

 To counter the state's evidence, appellant offered at the trial nothing except that a person who visited appellant at his room
before the arrest did not smell anything unusual. The evidence heard by the court was sufficient to justify appellant's
conviction. We reject the argument contained in the second issue.

 The final issue raises the question: "Did the trial court err in overruling appellant's motion for new trial?" Appellant cites
article 40.001 of the code of criminal procedure, which says: "A new trial shall be granted an accused where material
evidence favorable to the accused has been discovered since trial." Tex. Code. Crim. Proc. Ann. sec. 40.001(Vernon Supp.
2000).

 At the hearing on the motion for new trial, the female who was in the room with appellant, and was arrested when he was,
testified that the appellant knew nothing of the methamphetamine found in the room, and that appellant did not know of the
equipment used in its manufacture, also found in the room. At appellant's trial, this witness invoked her Fifth Amendment
right to not testify. After she had pleaded guilty to the same offense for which appellant was convicted, she offered and
gave the testimony just summarized. The trial judge had already declined to believe that (1) the room was appellant's but
he didn't know what was in it, and (2) that he was inside the room but couldn't smell what the officer smelled from outside
the room.

 Moore v. State, 882 S.W.2d 844, 849 (Tex. Crim. App. 1994), lists four requirements for obtaining a new trial based on
newly discovered evidence. They are:

 1. The evidence was unknown or unavailable to the defendant at the time of trial; 



 2. The failure to discover the evidence was not due to the defendant's want of diligence;



 3. The evidence is admissible, and not merely cumulative, corroborative, collateral or impeaching; and



 4. The evidence is probably true and will probably bring about a different result on another trial.



 Because the witness in the motion for new trial claimed her Fifth Amendment privilege at appellant's trial, appellant might
conceivably convince us that the first two requirements contained in Moore have been met. However, a decision on the
fourth requirement, that the evidence is probably true and will probably bring about a different result on another trial, is
within the sound discretion of the trial judge, and we find no abuse of discretion in his ruling. We deny the relief sought in
Issue No. 3 and AFFIRM the judgment of the trial court.

 

NOAH KENNEDY

Retired Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 25th day of October, 2001.

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. The officer had police training in the manufacture of methamphetamine.

3. The distance from the officer's courthouse in Lufkin to the motel was approximately forty miles.