Nos. 04-01-00429-CR, 04-01-00430-CR, 04-01-00431-CR, 04-01-00432-CR



Robert Earl SHAFER,


Appellant



v.



The STATE of Texas,


Appellee



From the 56th Judicial District Court, Galveston County, Texas


Trial Court Nos. 99-CR-0481, 99-CR-0482, 99-CR-0483, 99-CR-0484


Honorable I. A. Lerner, Judge Presiding



Opinion by: Sandee Bryan Marion, Justice


Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: May 15, 2002


AFFIRMED

 This appeal arises from Robert Earl Shafer's ("defendant") conviction of Indecency With a
Child by Contact, Aggravated Sexual Assault of a Child and Sexual Assault of a Child. On appeal,
defendant does not challenge the sufficiency of the evidence; however, in two issues, defendant seeks
a review of the trial court's exclusion of evidence of the sexual history of the victim, his step-daughter, J.C., and the denial of his motion for new trial based on newly discovered evidence. We
affirm the trial court's judgments.

Discussion

 Exclusion of Evidence

 Defendant contends, in his first issue, that the trial court erroneously excluded evidence of
J.C.'s consensual sexual history with her boyfriend, which he claims is relevant to undermine the
medical testimony offered by the state. However, defendant has failed to properly preserve this issue
for our review. To preserve a complaint that the trial court erroneously excluded evidence, the
complaining party must bring forward a record indicating the nature of the evidence. See Tex. R.
App. P. 33.1, 33.2 ; Tex. R. Evid.103(a)(2). If the excluded evidence is not apparent from the
context of the record, it must be brought forward either through a timely offer of proof or a formal
bill of exception. Id.; e.g., Barnard v. State, 730 S.W.2d 703, 718 (Tex. Crim. App. 1987); See
Jenkins v. State, 948 S.W.2d 769, 775 (Tex. App.--San Antonio 1997, pet. ref'd). 

 In this instance, defendant did not file a formal bill of exceptions allowed by Rule 33.2 nor
does he point to any evidence in the record setting forth the excluded evidence except for his offer
of proof. However, defendant did not submit his offer of proof until after the jury had found him
guilty and the jury was deliberating on punishment. The deadline for an offer of proof is, "as soon
as practicable, but before the court's charge is read to the jury." Tex. R. Evid. 103(b). Because the
evidence was untimely offered after the court's charge was read to the jury, it was not properly
preserved through an offer of proof. 

 Accordingly, we overrule the first issue. 


 Motion for New Trial 

 In his second issue, defendant complains that the trial court abused its discretion when it
denied his motion for a new trial based on newly discovered evidence. We review the trial court's
denial of a motion for new trial under an abuse of discretion standard. See Lewis v. State, 911
S.W.2d 1, 7 (Tex. Crim. App. 1995). In determining whether the trial court abused its discretion,
we consider whether the court acted without reference to guiding rules and principles; that is, whether
the court acted arbitrarily or unreasonably. See Lyles v. State, 850 S.W.2d 497, 502 (Tex. Crim.
App. 1993). 

 To obtain a new trial upon the discovery of new evidence, a defendant must establish that the
newly discovered evidence was unknown to him at the time of trial; his failure to discover the
evidence was not due to his want of diligence; the evidence is admissible and not merely cumulative,
corroborative, collateral, or impeaching; and the evidence is probably true and would probably bring
about a different result in another trial. Moore v. State, 882 S.W.2d 844, 849 (Tex. Crim. App.
1994); Francis v. State, 636 S.W.2d 591, 598 (Tex. App.--San Antonio 1982, no pet.). Whether
the evidence is probably true is a determination for the trial judge. Ochoa v. State, 653 S.W.2d 368,
371 (Tex. App.--San Antonio 1983, no pet.). A failure by defendant to establish any of the essential
requirements warrants the trial court's denial of a new trial. See Markham v. State, 644 S.W.2d 53,
56 (Tex. App.--San Antonio 1982, no pet.). 

 Here, defendant claims that after the trial he discovered letters written by J.C. to his daughter,
Amanda Shafer. The letters indicate J.C. had consensual sex with a boyfriend one time. At the
hearing on the motion for new trial, defendant testified that although he had given J.C. his daughter's
address so that they could correspond, he never read any of the letters that were exchanged.
Defendant knew that J.C. and his daughter were writing each other and he admitted that teenage girls
might discuss their sexual experiences. He also was aware that J.C. had engaged in sexual intercourse
with her boyfriend because she had told him about it after it happened. Knowing all this, it would
have been logical for the defendant, his lawyer, or either of the two private investigators he hired
before trial to interview Amanda and ask her questions about the correspondence, but this was not
done. It was the defendant's duty to seek out and interview any material witnesses, including the
members of his own family. We find that the defendant did not exercise due diligence in trying to
discover the evidence before trial.

 Also, we find that the defendant has failed to show that the newly discovered evidence
"would probably bring about a different result at trial." See Moore, 882 S.W.2d at 849. Defendant
claims that this new evidence is exculpatory. At the time J.C. wrote these letters, she was almost
fourteen years of age. In the letters, she states that she had sex, only once, with her boyfriend and
that this had occurred two years before. Defendant argues that if J.C. truthfully told Amanda that
she lost her virginity in her first and only act of sexual intercourse with her boyfriend when she was
approximately thirteen years of age, then the jurors could disbelieve her testimony that she had been
repeatedly raped by defendant before that time. In essence, defendant argues that this new evidence
is material because if presented at trial, it would produce reasonable doubt in the minds of the jurors
on whether he was guilty of the charges in the indictment. 

 We disagree with defendant's argument. The letters do not directly contradict her trial
testimony. Defendant's claim of their exculpatory nature is based on his assumption that J.C. would
openly admit to Amanda that she was raped. Defendant also assumes that because she did not admit
the sexual abuse to Amanda, in the context of her admissions of other sexual activity, she must have
lied at trial. However, J.C.'s letters only show that she had consensual sex with her boyfriend. At the
new trial hearing, J.C. explained her reasons for omitting the abuse in her letters. J.C. testified that
she would never write about what had happened, not even in her own diaries. Therefore, she
certainly would not mention the abuse, through correspondence, to defendant's own daughter.

 Furthermore, we find that even if these letters did raise a question regarding defendant's guilt,
the record contains significant evidence to corroborate J.C.'s testimony. J.C.'s younger sister,
another daughter of defendant, testified that defendant would call J.C. into his room and lock the
door, while their mother was at work. In addition, expert medical evidence and testimony were
admitted establishing that J.C. had healed lacerations to her hymen, as well as her anal area.
Therefore, we find that defendant has failed to show that the newly discovered evidence would
probably bring about a different result at trial. The only purpose the evidence would serve is to
impeach J.C.'s trial testimony, which is an impermissible reason to grant a second trial based on new
evidence. See Moore, 882 S.W.2d at 849. Accordingly, we find that the trial court did not abuse its
discretion in denying the motion for new trial, and defendant's second point is overruled.

Conclusion

 The trial court's judgments are affirmed. 


 Sandee Bryan Marion, Justice

PUBLISH