# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00353-CR

**Sonia Frausto, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 9024257, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Sonia Frausto guilty of tampering with a witness. *See* Tex. Pen. Code Ann. § 36.05 (West 2003). The court assessed a two-year state jail term, suspended imposition of sentence, and placed appellant on community supervision. Appellant's only point of error complains of the overruling of her motion for new trial. We will affirm.

Appellant and her two minor daughters lived with appellant's boyfriend, Matthew Steffe, and his two minor sons. After appellant's daughters complained that Steffe was sexually abusing them, appellant lost custody of her daughters and they went to live with their father (from whom appellant was divorced). This prosecution was begun after appellant wrote a letter to one of her daughters, C.M., asking her to tell the police that her accusations against Steffe were untrue, her father had forced her to make the accusations, and she really wanted to live with appellant. Appellant's defense, advanced primarily through her own testimony, was that she did not ask C.M.

to testify falsely as alleged in the indictment. According to appellant, C.M.'s accusations were in fact untrue and the purpose of her letter was to encourage C.M. to tell the truth.

In support of her defense, appellant testified that C.M. is "not a truthful person. She's always lying." She said that she believed C.M. had falsely accused Steffe of misconduct because "she wants me back with her dad" and "[b]ecause of money. We didn't have that much money. I'm sure that her dad does." She added that one of the accusations C.M. had made against Steffe involved Steffe kneeling, and that this could not be true because Steffe was physically unable to kneel due to bad knees. Appellant also testified that C.M. had falsely accused Steffe of threatening her with a gun.

Appellant was not allowed to testify at trial that C.M. had falsely stated in an interview with a child protective services (CPS) worker that one of Steffe's minor sons, C.S., "has sex with all of the girls in the Steffe home." The source of this statement was a report submitted to another district court in an unrelated civil proceeding involving C.S. In the report, a CPS specialist recounted the details of another CPS worker's interview with C.M. in which she made the quoted statement. There is nothing in the report to indicate that the statement was false.

Following her conviction, appellant filed a motion for new trial asserting that the CPS report was newly discovered evidence. *See* Tex. Code Crim. Proc. Ann. art. 40.011 (West Supp. 2004-05). The motion was not supported by an affidavit. *See Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). The CPS report was attached to the motion but never introduced in evidence. Even if we disregard these procedural defects, the record plainly shows that the CPS report was known to appellant and her attorney at the time of trial. In fact, defense counsel referred to the report during trial. To obtain a new trial on the ground of newly discovered evidence, the

2

movant must show that the evidence was unknown at the time of trial. *Moore v. State*, 882 S.W.2d 844, 849 (Tex. Crim. App. 1994). Clearly, appellant could not make such a showing here.[1]

Despite the wording of her point of error, appellant's argument to this Court is primarily concerned with the trial court's refusal to permit her to testify regarding C.M.'s statement to the CPS worker. The CPS report was hearsay. Appellant does not now, and did not at trial, assert that the account of C.M.'s interview contained in the report was admissible under a hearsay exception. Nor did the court's ruling prevent appellant from presenting her defense. As noted above, appellant was permitted to testify that C.M. was not credible, had made false accusations in the past, and had a motive for testifying falsely in this cause.

For the reasons stated, the point of error is overruled and the judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   June 15, 2005

Do Not Publish

---

[1] The court's docket sheet shows that after a resetting, appellant's motion for new trial was heard and overruled seventy-six days after sentence was suspended in open court and one day after the motion was overruled by operation of law. *See* Tex. R. App. P. 21.8(c). The reporter's record does not include the new trial hearing. Because the motion had been overruled by operation of law, the hearing was a nullity and could not be considered on appeal in any case. *Parmer v. State*, 38 S.W.3d 661, 667 (Tex. App.—Austin 2000, pet. ref'd).