Opinion filed August 20, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed August 20,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00319-CR 

                                                    __________

 

                                      KEVIN RAY LONG, Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 350th District Court

                                                          Taylor
County, Texas

                                                   Trial
Court Cause No. 8104D

 



 

M O D I F I E D  M E M O R A N D U M   O P I N I O N

 

Subsequent
to our original opinion, the United States Supreme Court issued its decision in
Melendez-Diaz v. Massachusetts, ___ U.S. ___, 129 S.Ct. 2527, ___
L.Ed.2d ___ (2009).  Under the authority of Tex.
R. App. P. 50, we withdraw our original opinion and judgment and issue
this modified opinion.

The
jury convicted Kevin Ray Long of the offense of murder, made an affirmative
deadly weapon finding, and assessed punishment at confinement for life and a
$10,000 fine.  We affirm. 

                                                                         Issues








Appellant
presents four points of error on appeal.  In the first point, appellant
contends that the admission of the victim=s
toxicology report into evidence violated appellant=s Sixth Amendment right to confront the
witnesses against him.  In the second point, appellant argues that the
inclusion in the jury charge of a limiting instruction relating to self-defense
was erroneous.  In his third point, appellant challenges the admission of
evidence concerning an extraneous bad act even though the State had not timely
notified the defense of its intent to introduce the bad act.  In his fourth
point, appellant challenges the exclusion of evidence:  a letter that he
offered as a prior consistent statement.

                                                               Background
Facts

Appellant
was convicted for the murder of seventeen-year-old Jonathan Bermea.  The
evidence showed that appellant shot Bermea in the back  with a .380 caliber
semiautomatic handgun and that Bermea died as a result of that gunshot.  The
shooting occurred in the living room of a house on Fannin Street that was
associated with the Brown Pride gang.  Appellant went there to purchase
methamphetamine from Rocky Santana.

Two
witnesses testified that appellant walked into the house accusing the three
people sitting in the living room (Bermea, Alfredo Alcala Navejas, and Jason
Alvarez) of taking his scales.  According to Navejas, appellant walked in with
his pistol drawn and immediately said, AWhich
one of you m----r-f----rs stole my scale?@ 
Bermea replied, ABitch,
nobody has got your scales.@ 
Appellant then tried to hit Alvarez, and Bermea got up and tried to run.  As
Bermea started down the hallway, appellant pointed the handgun at him and fired
one shot.  Alvarez gave a similar version of events but said that appellant
drew his weapon while he was mouthing, not before he entered the house.  After
shooting Bermea, appellant pointed the gun at Navejas and Alvarez but started Afreaking out on himself,@ becoming shaky and
teary-eyed, and then fled.

Appellant
was apprehended the following day.  The handgun that appellant used was
recovered at the time of the arrest.  Expert testimony established that
appellant=s DNA was on
the trigger and that the bullet retrieved from Bermea=s body was fired from that handgun.  

                                           Toxicology
Report versus Right to Confront








In
the first point, appellant argues that the admission of Bermea=s toxicology report
performed as part of the autopsy, but by a person who did not testify at trial
and whom he had not had an opportunity to cross-examine, violated appellant=s Sixth Amendment right to
confront the witnesses against him.  See Crawford v. Washington, 541
U.S. 36 (2004).  In Crawford, the Court held that the Confrontation
Clause of the Sixth Amendment bars the admission of testimonial statements of a
witness who does not appear at trial unless he is unavailable to testify and
the defendant had a prior opportunity to cross-examine him.  Id. at 59; Russeau
v. State, 171 S.W.3d 871, 880 (Tex. Crim. App. 2005).  

Dr.
Lloyd White performed the autopsy of Bermea, and he testified at trial.  The
toxicology report had been performed by his office; however, the toxicology
tests had not been performed by Dr. White.  Appellant=s trial counsel timely objected to any
testimony by Dr. White concerning the toxicology report.  The trial court
allowed the toxicology report as evidence under the hearsay exception for
statements for purposes of medical diagnosis.

The initial question is whether the toxicology report,
included within the autopsy report, was testimonial in nature.   In Melendez-Diaz,
the prosecution introduced certificates of state laboratory analysts stating
that material seized by the police and connected to the defendant was cocaine
of a certain quantity.  The United States Supreme Court held that the admission
of the certificates violated the petitioner=s
Sixth Amendment right to confront the witnesses against him, citing Crawford. 
The court reasoned that confrontation is one means of assuring accurate
forensic analysis.  Melendez-Diaz, 129 S.Ct. at 2542.  Based on Melendez-Diaz,
we hold that the toxicology report was testimonial in nature and that the trial
court erred in allowing the toxicology report to be introduced as evidence.

Because the error was of constitutional dimension, we
must next determine whether the error was harmless beyond a reasonable doubt
and whether it contributed to appellant=s
conviction or punishment.  Tex. R. App.
P. 44.2(a); Davis v. State, 203 S.W.3d 845, 849-53 (Tex. Crim.
App. 2006).  We note that, after holding that the admission of the forensic
analysis was error, the Melendez-Diaz Court stated that it expressed Ano view as to whether the
error was harmless.@  Melendez-Diaz,
129 S.Ct. at 2542 n.14.

Appellant=s
theories were that he shot Bermea by mistake or in self-defense.  Dr. White
testified that the results stated in the toxicology report were negative for
alcohol or drugs.  Appellant argues on appeal that this testimony made Bermea
appear to be an innocent bystander who was not part of the group using drugs at
the house; therefore, the evidence of the toxicology tests was significant in
moving the jury from a state of non-persuasion to one of persuasion on the
issue of murder (instead of self-defense) and punishment.  We disagree.








 There
was no evidence that Bermea made any type of threats against appellant at the
time of the shooting.  To raise an issue of provocation, there must be
sufficient evidence of the deceased=s
conduct just prior to death, and that evidence must be sufficient to be
considered provocation.  The presence of drugs alone is insufficient for such
an inference.  Moore v. State, 882 S.W.2d 844, 849 (Tex. Crim. App.
1994); Hernandez v. State, 643 S.W.2d 397, 401 (Tex. Crim. App. 1982). 
Nor was there any evidence in the record of Bermea=s conduct in the past that would raise the
issue of provocation.  Moreover, two other witnesses testified that Bermea was
not using drugs that night.  Rocky Santana, appellant=s own witness, testified that Bermea was not
using drugs that night B
AHe was just there.@  Navejas also testified
that Bermea Adidn=t do drugs.@

The
evidence was that appellant came in accusing Bermea, Navejas, and Alvarez, who
were sitting in the living room, of taking his scales.  Appellant was waving a
gun at them, and they were scared.  Navejas testified that none of them had a
gun, that appellant tried to pistol-whip Alvarez, and that Bermea got up and
tried to run.  As Bermea started down the hallway, appellant shot him in the
back.  Appellant then pointed the pistol at Navejas and asked Navejas if he
wanted to die.

Appellant
testified and gave his version of the events.  From the record, it is easy to
understand why the jury did not believe his contention that the shooting was an
accident or self-defense.  But whether Bermea was on drugs was irrelevant to
appellant=s defensive
issues.  In response to a question by his counsel, appellant testified as
follows:

Never
really didn=t pay too
much attention to see if they were high on drugs, really didn=t strike me as very
important.

 

After
a review of the complete record, we find that the trial court=s error in admitting the toxicology
report was harmless beyond a reasonable doubt and that it did not contribute to
appellant=s conviction
or punishment.  Appellant=s
first point of error is overruled.

                                                                      Jury
Charge

In
his second point, appellant argues that the trial court erred in including in
the jury charge a limiting instruction relating to self-defense.  The
complained-of instruction reads as follows:  








You
are further instructed as part of the law of this case and as a qualification
to the use of self-defense, that the use of force by the Defendant against
another is not justified . . . if the actor sought an explanation from or
discussion with the other person concerning the Defendant=s differences with the
other person while the Defendant was unlawfully carrying a weapon.

 

This instruction generally tracks the language found in Tex. Penal Code Ann. ' 9.31(b)(5) (Vernon  Supp.
2008), but appellant argues that the instruction is not supported by the
evidence.  We disagree. 

The record shows that appellant was unlawfully armed
with a handgun when he entered the house.  Although controverted by appellant=s testimony that he went to
the house to buy drugs not to discuss differences with anybody there, there was
evidence that appellant entered the house and immediately demanded the return
of his scales, that appellant accused the young men in the living room of
stealing his scales and commanded them to strip, and that appellant either had
his weapon drawn when he entered the house or drew it within one minute after
entering.  The trial court did not err in giving the instruction pursuant to
Section 9.31(b)(5) because there was some evidence to support it.  Appellant=s second point of error is
overruled.  

                                              Lack of Notice of
Punishment Evidence

In his third point, appellant contends that the trial
court erred in admitting as punishment evidence of an unadjudicated, extraneous
bad act because the State had not given proper notice of its intent to
introduce the bad act.  Over appellant=s
objection, the State introduced evidence that appellant had previously fired a
gun into the air while driving through a residential neighborhood. 

Pursuant to Tex.
Code Crim. Proc. Ann. art. 37.07, '
3(g) (Vernon Supp. 2008), appellant had timely requested notice of the State=s intent to introduce prior
bad acts as punishment evidence. Article 37.07, section 3(g) provides that,
when timely requested, such notice Ashall
be given.@  It is
undisputed that the State did not notify appellant of its intent to introduce
evidence of appellant firing a gun into the air.  The State asserted that it
was unaware of the incident until the morning of the punishment hearing and
also that appellant opened the door to evidence of the incident by offering
evidence of his nonviolent character.  The record shows that, during
cross-examination of appellant=s
girlfriend, defense counsel asked if she thought appellant was a violent
person.  Appellant=s
girlfriend answered, AI
don=t think so.@  On redirect, the State inquired
about the incident in question. 








Although
we do not agree that appellant opened the door, we conclude that any error was
harmless pursuant to Tex. R. App. P.
44.2(b).  The record shows that the State called appellant=s girlfriend as a witness. 
During direct examination by the State, appellant=s
girlfriend revealed that appellant had been charged with sexually assaulting
her.  Appellant=s
girlfriend also read several excerpts from letters that appellant had sent to
her.  In these letters, appellant said that he has to fight if his cousin tells
him to so that he can join a gang, that he Awon=t be locked up too long,
and . . . [he is] going to get out and rampage on dudes and chicks,@ that she had better sell
herself if he needed money, that he had to live up to his new reputation, and
that he is Aa bomb
waiting to explode.@ 
On redirect, appellant=s
girlfriend read more excerpts from appellant=s
letters, including: AI
only beat you up once over food,@
and AI never beat you
over fat ho.  I slapped you cause you almost wrecked her car on my side.@  In addition to the
testimony of appellant=s
girlfriend, three other witnesses testified for the State.  Appellant=s violent character, his
assault of another inmate and a correctional officer while in jail, and his
failure to follow the terms and conditions of community supervision for a prior
offense for delivering marihuana were shown through these witnesses.  We hold
that the introduction, without notice, of the incident involving appellant
firing a gun into the air did not affect appellant=s substantial rights; did not have a
substantial and injurious effect on the jury=s
verdict; and, therefore, does not constitute reversible error under Rule
44.2(b).  See Rodgers v. State, 111 S.W.3d 236, 244-48 (Tex. App.CTexarkana 2003, no pet.). 
Appellant=s third
point of error is overruled.  

                                                               Exclusion
of Letter

In
his final point, appellant asserts that the trial court abused its discretion
in excluding a letter from Rocky Santana because the letter was admissible as a
prior consistent statement under Tex. R.
Evid. 801(e)(1)(B).  Rule 801(e)(1)(B) provides that a statement is not
hearsay if the declarant testifies and is subject to cross-examination and if
the statement is consistent with the declarant=s
testimony and is offered to rebut an express or implied charge against the
declarant of recent fabrication or improper influence or motive.  








The
record shows that Santana testified as a defense witness at trial.  He
testified that, right after the shooting, appellant=s expression Awas
like he wanted to cry, like he didn=t
mean to . . . shoot.@ 
Santana also testified that, just before backing out the door, appellant said
he Adidn=t mean to do it.@  Appellant testified after
Santana.  The State=s
cross-examination of appellant revealed that appellant=s friends and family members located Santana
and may have talked to him about testifying, that appellant was afraid Santana
held a grudge against him, but that Santana was the best chance appellant had
for the truth to be told about the circumstances surrounding this offense. 
Appellant contends that this cross-examination impeached Santana and that the
trial court should have admitted the letter offered by appellant to rebut the
implication that Santana had recently fabricated his story due to the influence
of appellant=s family
and friends.

The
trial court=s decision
to admit or exclude evidence is reviewed on appeal for an abuse of discretion. 
Taylor v. State, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).  We cannot
hold that the trial court abused its discretion in excluding the letter. 
First, the record shows that, at the conclusion of Santana=s testimony, he was excused
without any request that he be subject to recall. Santana could not be located
when appellant offered the letter into evidence.  Thus, Santana was no longer Asubject to
cross-examination@ as
required by Rule 801(e)(1)(B).  Furthermore, the letter was not authenticated
pursuant to Tex. R. Evid. 901,
and there is no indication in the record showing that the letter was written
prior to the alleged improper influence by appellant=s family and friends.  Appellant=s fourth point of error is
overruled.  

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.  

 

 

TERRY McCALL

JUSTICE

 

August 20, 2009

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.