

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00171-CR

**MICHAEL PAUL LAVOIE, AKA MICHAEL
RODGERS, AKA MICHAEL MARK RODGERS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 18th District Court
Johnson County, Texas
Trial Court No. F47171**

## MEMORANDUM OPINION

Michael Paul Lavoie was convicted of aggravated robbery, enhanced by two prior felony convictions. TEX. PENAL CODE ANN. § 29.03 (West 2011). He was sentenced to 60 years in prison. Because Lavoie's issues on appeal either do not comport with the argument made at trial or are not preserved for our review, the trial court's judgment is affirmed.

In his first issue, Lavoie contends the trial court erred in denying Lavoie's motion to suppress his oral statement because the recording of Lavoie's statement does not meet the requirements of article 38.22, section 3(a)(2) and (4) of the Code of Criminal Procedure. TEX. CRIM. CODE PROC. ANN. art. 38.22, Sec. 3(a)(2), (4) (West Supp. 2013). Specifically, he complains that a statement was made about a BB gun prior to Lavoie being warned and that all voices on the DVD recording of Lavoie's statement were not identified. However, in his written motion to suppress, although Lavoie complains that his statement was not taken in compliance with article 38.22, section 3, he does not state specifically what parts of section 3 were violated. Further, at the hearing which occurred during the trial, he did not complain that all the voices were not identified, and he did not complain about, nor did he cross-examine the detective about, any statements that may have been made prior to the warnings being read. Thus, his arguments on appeal do not comport with the arguments made at the hearing. *See* TEX. R. APP. P. 33.1; *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009); *Petty v. State*, 346 S.W.3d 200, 205 (Tex. App.—Amarillo 2011, no pet.) (arguments on appeal do not comport with arguments made in motion to suppress). This issue presents nothing for review, and is overruled.

In his second issue, Lavoie contends the trial court also erred in denying Lavoie's motion to suppress his oral statement because his statement was coerced. Specifically, Lavoie contends his statement was coerced because: 1) the interrogation began at 2:48

a.m. and ended at 3:26 a.m.; 2) the microphone was covered to conceal it; 3) Lavoie was not informed he was being recorded; 4) a statement by the investigator about reading rights one more time alluded to a previous interrogation; 5) the investigator made a statement about a BB gun before Lavoie was warned of his right to remain silent; and 6) Lavoie made repeated complaints about being in pain and wanting to lay down and sleep. Other than the first three complaints, the remaining complaints on appeal involved portions of the DVD recording that were not played to the jury at the guilt/innocence phase of the trial. Further, Lavoie specifically stipulated that any portion of the DVD not played to the jury did not contain evidence of coercion. Thus, Lavoie's argument on appeal that these occurrences caused his statement to be coerced does not comport with the complaint made at the hearing on the motion to suppress, and present nothing for review. *Id.*

Additionally, Lavoie made no argument in his motion to suppress or at the hearing that the start and end time of the interview caused his statement to be coerced. Thus, this complaint on appeal does not comport and presents nothing for review. *Id.*

Further, to the extent that Lavoie complained to the trial court about the investigator's failure to notify Lavoie that his statement was being recorded and the concealment of the microphone, there has long been no requirement to notify a defendant that he is being recorded. *See* TEX. CODE CRIM. PROC. ANN. art 38.22 (West Supp. 2013) (amended Acts 1989, 71st Leg., ch. 777 (S.B. 55), §§ 1, 2, effective September

1, 1989, deleting requirement). The investigator's subjective reasoning for intentionally not informing Lavoie of the recording is no longer independently relevant to the admissibility of Lavoie's oral confession. *Moore v. State*, 882 S.W.2d 844, 846 (Tex. Crim. App. 1994).

Accordingly, Lavoie's second issue is overruled.

In his third issue, Lavoie argues that his sentence of 60 years in prison was disproportionate, and, therefore, amounts to a cruel and unusual punishment under the facts of the case. Lavoie, however, never objected to the sentence he received nor did he file a motion for new trial on the basis that his sentence violated the 8th Amendment to the United States Constitution or Article I, Section 13 of the Texas Constitution. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. Accordingly, we find that Lavoie's complaints were not presented to the trial court and are not preserved for our review. TEX. R. APP. P. 33.1(a)(1)(A); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (reviewing court will not consider errors, even of constitutional magnitude, not called to the trial court's attention). *See also Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding that complaint relating to constitutional prohibition against cruel and unusual punishment was waived when no objection on this basis was made in trial court). Because Lavoie's third issue is not preserved, it is overruled.

Having overruled each issue on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed March 6, 2014
Do not publish
[CRPM]