Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-07-00773-CR

Israel **MATA**,
Appellant

v.

**STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CR-4565B
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Catherine Stone, Chief Justice
    Karen Angelini, Justice
    Rebecca Simmons, Justice

Delivered and Filed:    July 15, 2009

AFFIRMED

A jury found appellant Israel Mata guilty of murder and sentenced him to life imprisonment.

In two issues, Mata argues the trial court abused its discretion in denying his motion for mistrial and

in admitting certain evidence. We affirm.

## BACKGROUND

The evidence at trial showed Mata and his brother, Arturo Mata, were responsible for a gang-related, drive-by shooting that caused the death of a thirteen-year-old girl. The victim was not the intended target, but a bystander. The shooting took place shortly before 5:30 p.m. on March 3, 2005, in San Antonio, Texas. The shooter, whose face was partially covered by a bandana, fired a handgun while kneeling in the back of a truck. Eyewitnesses identified Arturo as the driver of the truck used in the drive-by shooting, but were unable to identify Mata as the shooter. However, one witness, Michael Reyes, testified he was with Mata immediately after the shooting, and he heard Mata admit he was the shooter.

Specifically, Reyes testified that he watched television with Mata, Arturo, and several other individuals after the shooting took place. Everyone seemed interested in a news story about a girl who had been shot. Mata did not seem to want to watch the news story, and kept telling the others to turn it off or to watch something else. Reyes then overheard a conversation between Mata and Arturo about the news story. Mata said to Arturo that they had shot a girl in the head. Then, Mata and Arturo discussed how the shooting happened: Arturo was driving, Mata was lying in the back of the truck, and when they stopped in front of the house, Mata got up and started shooting. Later that night, Reyes drove the Mata brothers and one of their cousins to Port Aransas, Texas. During this drive, the passengers listened to loud music, drank, and smoked. Sometimes the passengers turned down the music volume, which allowed Reyes to hear their conversations. Reyes overheard Mata say, "I think I shot a girl in the head." According to Reyes, Mata seemed scared, and said he was planning to go to Mexico to escape from the police. Reyes also testified he was reluctant to tell

police about the Matas' involvement in the shooting because he feared for his safety and the safety of his family.

## DENIAL OF MOTION FOR MISTRIAL

In his first issue, Mata argues the trial court abused its discretion in denying his motion for mistrial. During the State's direct examination of Mata's sister, Leticia Rodriguez, the following exchange took place:

Prosecutor: And do you remember telling the police that you knew your brothers carried weapons sometimes?

Witness: No, sir.

Prosecutor: You don't remember telling the police that? It was videotaped.

Witness: That they carried weapons?

Prosecutor: Pardon me?

Witness: That I said they carried weapons?

Prosecutor: That you admitted that—

Defense counsel then objected, stating the prosecutor's line of questioning violated the trial court's limine order. The limine order required a hearing outside the presence of the jury prior to the admission of any extraneous offenses or misconduct. The trial court sustained the objection, and defense counsel asked the trial court to instruct the jury to disregard the last question and answer. The trial court so instructed the jury. Defense counsel then made a motion for a mistrial which the trial court denied.

We review the denial of a motion for mistrial under an abuse of discretion standard. *Hawkins v. State*, 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2004); *Dossett v. State*, 216 S.W.3d 7, 31 (Tex. App.—San Antonio 2006, pet. ref'd). Ordinarily, a prompt instruction to disregard will cure error

associated with an improper question and answer, even one regarding extraneous offenses. *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000). A mistrial is appropriate only for a narrow class of highly prejudicial and incurable errors and may be used to end trial proceedings when the error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Hawkins*, 135 S.W.3d at 77; *Dossett*, 216 S.W.3d at 31. To determine if the trial court abused its discretion in denying the motion for mistrial, we consider (1) the magnitude of the prejudicial effect; (2) the measures adopted to cure the error; and (3) the certainty of conviction absent the erroneous admission of evidence. *Hawkins*, 135 S.W.3d at 75; *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).

After considering these factors, we conclude the trial court did not abuse its discretion in denying the motion for mistrial. First, the prejudicial effect was minimal in this case. The witness never actually revealed any evidence to the jury about misconduct by Mata. Instead, the witness denied telling police that her brothers sometimes carried weapons, and her testimony on the subject was never impeached by other evidence. Moreover, "[t]he asking of an improper question, by itself, will seldom call for a mistrial." *Moore v. State*, 882 S.W.2d 848, 847 (Tex. Crim. App. 1994). Second, the measures adopted to cure the error were adequate. Here, the trial court promptly gave the jury an instruction to disregard the last question and answer. A reviewing court generally presumes the jury followed the trial court's instructions, unless this presumption is rebutted. *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). Mata does not point to anything in the record indicating the jury did not follow the trial court's instruction. Thus, Mata has not rebutted this presumption that the jury followed the trial court's instruction to disregard. Finally, there were sufficient grounds for the jury to convict regardless of the complained-of question and answer.

Considered as a whole, the trial evidence showed the Mata brothers engaged in a drive-by shooting to retaliate against a member of a rival gang. Additionally, the evidence showed Mata admitted his involvement in the shooting several times.

Having determined the trial court did not abuse its discretion in denying Mata's motion for new trial, we overrule his first issue.

### EXTRANEOUS OFFENSE EVIDENCE

In his second issue, Mata argues the trial court abused its discretion when it allowed the admission of extraneous offense evidence that Mata was involved in drug dealing.

Although evidence of extraneous offenses may not be used against a defendant in a criminal trial, this general prohibition against the admission of extraneous offenses carries with it numerous exceptions. *Daggett v. State*, 187 S.W.3d 444, 451 (Tex. Crim. App. 2005); TEX. R. EVID. 404(b). Evidence of other crimes, wrongs, or acts "may...be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." TEX. R. EVID. 404(b). Rule 404(b) allows evidence of other crimes, wrongs, or acts if the evidence has relevance apart from character conformity. *Moses v. State*, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003). Extraneous offenses are admissible to rebut defensive theories raised by the testimony of a State's witness during cross-examination. *Ransom v. State*, 920 S.W.2d 288, 301 (Tex. Crim. App. 1994); *see also Powell v. State*, 63 S.W.3d 435, 438-39 (Tex. Crim. App. 2001). "The issue does not necessarily turn on the type of defense presented, but on whether the extraneous-offense evidence has noncharacter-conformity relevance by, for example, rebutting a defensive theory or making less probable defensive evidence that undermines an elemental fact." *Bass v. State*, 270 S.W.3d 557, 563 n.8 (Tex. Crim. App. 2008).

Texas Rule of Evidence 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. Thus, a trial court may exclude any relevant evidence if its probative value is substantially outweighed by any or all the countervailing factors specified in Rule 403. *Winegarner v. State*, 235 S.W.3d 787, 791 (Tex. Crim. App. 2007).

Because trial courts are in the best position to make the call on these substantive admissibility questions, an appellate court reviews the trial court's decision to admit extraneous offense evidence under an abuse of discretion standard. *Powell*, 63 S.W.3d at 438. This standard requires an appellate court to uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement. *Id*.

During his cross-examination of Reyes, defense counsel asserted it was not plausible for Mata to have made incriminating statements about the shooting in front of Reyes, or for Reyes to have been reluctant to tell the whole truth to police. Defense counsel elicited testimony that Reyes had made several written statements about the events following the shooting and the information revealed in these statements varied. Finally, defense counsel elicited testimony about Reyes's drug use. After Reyes's cross-examination, and outside the jury's presence, the prosecutor stated:

> Judge, I'd like to go into [Reyes's] relationship with Israel Mata, because the fact of the matter is, I believe [defense counsel] has opened the door. Israel trusted this witness because this witness would run drugs for Israel. [Reyes] handled [Mata's] drugs, he handled his money, okay. And so I think because of the impressions left during cross-examination that I need to establish some of the reasons why this witness was reluctant to give up Israel. And I need—I think the fact that they were all involved in the drug trade, as it were, for these years that they'd known each other, comes into play because he's left an impression that [Reyes is] the only one that's involved in this stuff. I don't want to, you know, make a big deal out of it. But I think

that the jury should know that there's a reason for the relationship and the reluctance of this witness to tell the police what he knows.

Defense counsel opposed the admission of evidence of Mata's drug dealing based on Rule 404(b) and 403 of the Texas Rules of Evidence. Nevertheless, the trial court ruled the evidence would be admitted for the limited purpose of showing the relationship between Mata and Reyes. On re-direct examination, Reyes testified he had helped Mata with drug dealing in the past and Mata trusted him. Specifically, Reyes stated he rented cars and drove Mata to sites to drop off drugs and other items. Reyes also testified he collected money and handled drugs on Mata's behalf.

Under the circumstances of this case, the trial court could have reasonably concluded that evidence of Mata's drug dealing had some logical relevance aside from character conformity. Defense counsel's cross-examination of Reyes arguably left the impression that Reyes's relationship with Mata was not the kind of relationship in which Mata would make incriminating statements in Reyes's presence. Defense counsel's cross-examination also arguably left the impression that Reyes's written statements varied because he was worried about his own legal situation, rather than about his safety and the safety of his family.

Similarly, the trial court could have reasonably concluded the probative value of Mata's drug dealing was not outweighed by the danger of unfair prejudice. In deciding to admit the extraneous offense evidence, the trial court reasoned that in the context of the other evidence admitted at trial, including evidence of Mata's gang membership, evidence of Mata's drug dealing was not unfairly prejudicial. Because the trial court's decision to admit the extraneous offense evidence was within the zone of reasonable disagreement, the trial court's decision must be upheld. *See Powell*, 63 S.W.3d at 438 (holding trial court could have reasonably decided extraneous offense evidence had

noncharacter conformity relevance, and therefore, did not abuse its discretion in admitting extraneous offense evidence).

However, even assuming it was error to admit the extraneous offense evidence, we could not reverse Mata's conviction unless the error affected his substantial rights. Under Texas Rule of Appellate Procedure 44.2(b), a non-constitutional error "that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b). Substantial rights are not affected by the erroneous admission of evidence if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

After examining the record as a whole, we conclude any error did not influence the jury, or had but a slight effect. In the charge, the jury was instructed that the evidence of Mata's drug dealing could only be considered for the limited purpose of determining the relationship between Reyes and Mata. Additionally, the State did not mention Mata's drug dealing in its closing argument, and thus, this evidence was not emphasized before the jury. We conclude Mata's substantial rights were not affected by the admission of the extraneous offense evidence, and therefore, any error must be disregarded. Issue two is overruled.

### CONCLUSION

The judgment of the trial court is affirmed.

Karen Angelini, Justice

DO NOT PUBLISH