**Robert Earl SHAFER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–01–00429–CR to 04–01–00432–CR.**

Court of Appeals of Texas, San Antonio.

May 15, 2002.

Rehearing Overruled May 30, 2002.

Robert Coltzer, Attorney At Law, Thomas W. McQuage, Attorney At Law, Galveston, for Appellant.

Michael J. Guarino, Criminal Dist. Atty., Joel H. Bennett, Asst. Dist. Atty., Galveston, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice CATHERINE STONE, Justice, and SANDEE BRYAN MARION, Justice.

## OPINION

SANDEE BRYAN MARION, Justice.

This appeal arises from Robert Earl Shafer's ("defendant") conviction of Indecency With a Child by Contact, Aggravated Sexual Assault of a Child and Sexual Assault of a Child. On appeal, defendant does not challenge the sufficiency of the evidence; however, in two issues, defendant seeks a review of the trial court's exclusion of evidence of the sexual history of the victim, his step-daughter, J.C., and the denial of his motion for new trial based on newly discovered evidence. We affirm the trial court's judgments.

## DISCUSSION

### Exclusion of Evidence

Defendant contends, in his first issue, that the trial court erroneously excluded evidence of J.C.'s consensual sexual history with her boyfriend, which he claims is relevant to undermine the medical testimony offered by the state. However, defendant has failed to properly preserve this issue for our review. To preserve a complaint that the trial court erroneously excluded evidence, the complaining party must bring forward a record indicating the nature of the evidence. *See* TEX.R.APP. P. 33.1, 33.2; TEX.R. EVID. 103(a)(2). If the excluded evidence is not apparent from the context of the record, it must be brought forward either through a timely offer of proof or a formal bill of exception. *Id.*; *e.g., Barnard v. State*, 730 S.W.2d 703, 718 (Tex.Crim.App.1987); *See Jenkins v. State*, 948 S.W.2d 769, 775 (Tex.App.-San Antonio 1997, pet. ref'd).

In this instance, defendant did not file a formal bill of exceptions allowed by Rule 33.2 nor does he point to any evidence in the record setting forth the excluded evidence except for his offer of proof. However, defendant did not submit his offer of proof until after the jury had found him guilty and the jury was deliberating on punishment. The deadline for an offer of proof is, "as soon as practicable, but before the court's charge is read to the jury." TEX.R. EVID. 103(b). Because the evidence was untimely offered after the court's charge was read to the jury, it was not properly preserved through an offer of proof.

Accordingly, we overrule the first issue.

### Motion for New Trial

In his second issue, defendant complains that the trial court abused its discretion when it denied his motion for a new trial based on newly discovered evidence. We review the trial court's denial of a motion for new trial under an abuse of discretion standard. *See Lewis v. State*, 911 S.W.2d 1, 7 (Tex.Crim.App.1995). In determining whether the trial court abused its discretion, we consider whether the

court acted without reference to guiding rules and principles; that is, whether the court acted arbitrarily or unreasonably. *See Lyles v. State,* 850 S.W.2d 497, 502 (Tex.Crim.App.1993).

■■■ To obtain a new trial upon the discovery of new evidence, a defendant must establish that the newly discovered evidence was unknown to him at the time of trial; his failure to discover the evidence was not due to his want of diligence; the evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and the evidence is probably true and would probably bring about a different result in another trial. *Moore v. State,* 882 S.W.2d 844, 849 (Tex.Crim.App. 1994); *Francis v. State,* 636 S.W.2d 591, 598 (Tex.App.-San Antonio 1982, no pet.). Whether the evidence is probably true is a determination for the trial judge. *Ochoa v. State,* 653 S.W.2d 368, 371 (Tex.App.-San Antonio 1983, no pet.). A failure by defendant to establish any of the essential requirements warrants the trial court's denial of a new trial. *See Markham v. State,* 644 S.W.2d 53, 56 (Tex.App.-San Antonio 1982, no pet.).

■■ Here, defendant claims that after the trial he discovered letters written by J.C. to his daughter, Amanda Shafer. The letters indicate J.C. had consensual sex with a boyfriend one time. At the hearing on the motion for new trial, defendant testified that although he had given J.C. his daughter's address so that they could correspond, he never read any of the letters that were exchanged. Defendant knew that J.C. and his daughter were writing each other and he admitted that teenage girls might discuss their sexual experiences. He also was aware that J.C. had engaged in sexual intercourse with her boyfriend because she had told him about it after it happened. Knowing all this, it would have been logical for the defendant,

his lawyer, or either of the two private investigators he hired before trial to interview Amanda and ask her questions about the correspondence, but this was not done. It was the defendant's duty to seek out and interview any material witnesses, including the members of his own family. We find that the defendant did not exercise due diligence in trying to discover the evidence before trial.

■■ Also, we find that the defendant has failed to show that the newly discovered evidence "would probably bring about a different result at trial." *See Moore,* 882 S.W.2d at 849. Defendant claims that this new evidence is exculpatory. At the time J.C. wrote these letters, she was almost fourteen years of age. In the letters, she states that she had sex, only once, with her boyfriend and that this had occurred two years before. Defendant argues that if J.C. truthfully told Amanda that she lost her virginity in her first and only act of sexual intercourse with her boyfriend when she was approximately thirteen years of age, then the jurors could disbelieve her testimony that she had been repeatedly raped by defendant before that time. In essence, defendant argues that this new evidence is material because if presented at trial, it would produce reasonable doubt in the minds of the jurors on whether he was guilty of the charges in the indictment.

We disagree with defendant's argument. The letters do not directly contradict her trial testimony. Defendant's claim of their exculpatory nature is based on his assumption that J.C. would openly admit to Amanda that she was raped. Defendant also assumes that because she did not admit the sexual abuse to Amanda, in the context of her admissions of other sexual activity, she must have lied at trial. However, J.C.'s letters only show that she had consensual sex with her boyfriend. At the

new trial hearing, J.C. explained her reasons for omitting the abuse in her letters. J.C. testified that she would never write about what had happened, not even in her own diaries. Therefore, she certainly would not mention the abuse, through correspondence, to defendant's own daughter.

Furthermore, we find that even if these letters did raise a question regarding defendant's guilt, the record contains significant evidence to corroborate J.C.'s testimony. J.C.'s younger sister, another daughter of defendant, testified that defendant would call J.C. into his room and lock the door, while their mother was at work. In addition, expert medical evidence and testimony were admitted establishing that J.C. had healed lacerations to her hymen, as well as her anal area. Therefore, we find that defendant has failed to show that the newly discovered evidence would probably bring about a different result at trial. The only purpose the evidence would serve is to impeach J.C.'s trial testimony, which is an impermissible reason to grant a second trial based on new evidence. *See Moore*, 882 S.W.2d at 849. Accordingly, we find that the trial court did not abuse its discretion in denying the motion for new trial, and defendant's second point is overruled.

### CONCLUSION

The trial court's judgments are affirmed.