COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
SERGIO GALLARDO,                                       )                  No. 08-03-00287-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  205th District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20020D04016)


MEMORANDUM OPINION

            Sergio Gallardo was indicted on two counts: (1) aggravated sexual assault of a child and
(2) indecency with a child. A jury found Appellant guilty on both counts and sentenced him to
twenty-five years and a $5,000 fine on the aggravated sexual assault charge and ten years with a
$2,000 fine for indecency with a child. We affirm.
FACTUAL SUMMARY
            On June 18, 2002, A.R. was spending the night with her friend Ashley Figueroa, Appellant’s
step-daughter. The girls were throwing a headband to each other across two sofas. Appellant asked
to see what they were throwing, said he thought the headband was something else, and asked A.R.
whether she knew what he thought it was. A.R. whispered into Ashley’s ear that she thought
Appellant believed the headband to be a condom. Ashley told Appellant what A.R. had whispered
and left the room. Appellant then told A.R. that he would show her a condom “tomorrow” and not
to tell Ashley. 
            The next day, Appellant showed A.R. a condom, asked her whether she knew what it was,
what it was used for, and whether she had ever used one. He came up behind her and put his finger
in her vagina. He left it there for five seconds and told her, “This is how it feels.” This occurred
twice more, once when Ashley was in the room. Ashley later noticed that A.R. was sad and crying. 
Some time later that day, the girls went into Stephanie’s room to play on the computer. Stephanie
is Ashley’s sister. When Ashley left to take a phone call, Appellant entered and shut the door. He
then showed A.R. his penis which had a condom on it. Ashley never saw Appellant do anything
wrong.
            When A.R. arrived home, she was crying. Although her aunt asked her what was wrong,
A.R. did not tell her Once her grandmother came in, A.R. told her what happened and her
grandmother called the police. Appellant went to the station voluntarily for questioning. He was
given a Miranda card written in both Spanish and English. Appellant read the card, the officer read
him the card, and then Appellant read a portion of the card out loud. Appellant indicated he
understood the contents by signing and dating the card. He then agreed to waive his rights and give
a statement. He never asked to stop the interview nor did he request an attorney. His statement was
taken in Spanish. After the officer typed the statement, Appellant was given an opportunity to make
changes. He initialed each paragraph to show he had read it and he signed the bottom of the
statement. In the statement, Appellant explained that he had been playing Monopoly with Ashley
and her friend. They started to fight with him and he began to play rough with them. He grabbed
A.R. by the waist. He placed his hands on the vagina area, and “my fingers accidentally went inside
her shorts, and one finger passed through inside the vagina . . . . We were struggling, and it was an
accident. It was not with a bad intention. It was an accident.”
JURY CHARGE ERROR
            In Point of Error One, Appellant complains that the trial court erred in denying his request
for an instruction on the voluntariness of his statement under Texas Code of Criminal Procedure
Articles 38.22 and 38.23. When the State introduced the confession into evidence, defense counsel
affirmatively stated, “No objection.” After the State rested, the defense moved for a directed
verdict, arguing that the confession was untrustworthy. 
            When the accused affirmatively asserts during trial that he has “no objection” to the
admission of evidence, he waives any error regarding the admission of the evidence. See Dean v.
State, 749 S.W.2d 80, 83 (Tex.Crim.App. 1988). Since Appellant failed to object to admission of
the statement, he was not entitled to an Article 38.22 or 38.23 instruction. See Cady v. State, No.
05-02-01651-CR, 2003 WL 23095633, at *5 (Tex.App.--Dallas Dec. 31, 2003, pet. ref’d)(not
designated for publication)(holding that since the appellant failed to object to admission of his
statement, he was not entitled to an Article 38.23(a) instruction). Because error has been waived,
we overrule Point of Error One.
DENIAL OF RIGHT OF CROSS-EXAMINATION
            In Point of Error Two, Appellant contends that the trial court erred in denying him a right to
cross-examine Ashley about A.R.’s boyfriends. He complains that the evidence was relevant to a
defensive issue--that A.R. was upset due to a recent break-up, not because of improper conduct by
Appellant. Appellant also alleges that A.R. would have confided in Stephanie, Ashley’s sister, had
Appellant truly engaged in sexual misconduct. 
            Prior to cross-examination, the State asked that the defense be prohibited from eliciting
testimony about A.R.’s boyfriends. The defense countered that the questions would be limited to
showing that A.R. was upset that day as result of a recent break-up, not to show promiscuity. The
State argued the testimony was irrelevant; the defense claimed that it provided another reason for
A.R. to be crying. The trial court disallowed the cross examination. 
             To preserve a complaint that the trial court erroneously excluded evidence, the complaining
party must bring forward a record indicating the nature of the evidence. See Tex.R.App.P. 33.1,
33.2; Tex.R.Evid. 103(a)(2). If the excluded evidence is not apparent from the context of the record,
it must be brought forward either through a timely offer of proof or a formal bill of exception. Id.;
see Barnard v. State, 730 S.W.2d 703, 718 (Tex.Crim.App. 1987), cert. denied, 485 U.S. 929, 108
S.Ct. 1098, 99 L.Ed.2d 261 (1988); Love v. State, 861 S.W.2d 899, 900-01 (Tex.Crim.App. 1993). 
 In Shafer v. State, the court of appeals determined that the appellant failed to preserve his claim that
evidence of his stepdaughter’s consensual sexual history with her boyfriend was relevant to
undermine the medical testimony offered by the state in prosecution for aggravated sexual assault
of a child because he tendered his offer of proof untimely. 82 S.W.3d 553, 555 (Tex.App.--San
Antonio 2002, pet. ref’d); see also Jenkins v. State, 948 S.W.2d 769, 775 (Tex.App.--San Antonio
1997, pet. ref’d)(where there was no bill of exception or offer of proof to show the facts the
defendant could have proved through cross-examination of an adverse witness, the issue was not
preserved for appellate review). 
            Here, the excluded evidence is not apparent from the record. See Tex.R.App.P. 33.2. Since
Appellant failed to make an offer of proof, we cannot determine whether the evidence was relevant
to a defensive issue, nor can we ascertain whether the error, if any, was harmful. See Shafer, 82
S.W.3d at 555. We overrule Point of Error Two and affirm the judgment of the trial court.


February 3, 2005                                                         
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)