

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00418-CR

---

JAIRO CHAVEZCASARRUBIAS          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
### TRIAL COURT NO. 1337507D

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Jairo Chavezcasarrubias appeals his convictions and twenty-year sentences for indecency with a child by contact and for sexual assault of a child under 17 years of age. In four issues, Chavezcasarrubias challenges the trial court's rulings pertaining to the admission and exclusion of evidence and to

---

[1]*See* Tex. R. App. P. 47.4.

the trial court's overruling his objection to the State's argument during punishment. In this opinion, we will refer to the minor complainant as Girl. And because the issues in this case are evidentiary matters, and in an attempt to protect Girl's identity and privacy, we will recite only the facts necessary to the disposition of each of Chavezcasarrubias's issues as we address them, and we will affirm.

## II. DISCUSSION

### A. Admitted Text Messages

In his first issue, Chavezcasarrubias argues that the trial court abused its discretion by admitting text messages from Girl's phone that he claims were not "sufficiently connected" to him. These text messages between Chavezcasarrubias and Girl contain communications that appear to acknowledge that they had engaged in sexual intercourse.

The State first argues that Chavezcasarrubias's complaint at trial does not comport with the complaint he now brings on appeal—Chavezcasarrubias objected several times that these text messages were "hearsay." *See Burleson v. State*, 802 S.W.2d 429, 439 n.2 (Tex. App.—Fort Worth 1991, pet. ref'd) ("[P]roblems of authentication and hearsay are not interchangeable."). The State also argues that the trial court did not abuse its discretion by determining that the text messages were properly authenticated. We conclude that the trial court did not abuse its discretion by admitting the text messages.

2

As to the State's argument that Chavezcasarrubias has failed to preserve this argument for our review because his objections at trial were "hearsay" objections and not ones sounding in authentication, we disagree that the parties at trial did not understand Chavezcasarrubias's objections to be issues of authentication. *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) ("In determining whether a complaint on appeal comports with a complaint made at trial, we look to the context of the objection and the shared understanding of the parties at the time.").

Here, the trial court clearly understood Chavezcasarrubias's objection to be one pertaining to authentication of the text messages. Indeed, when Chavezcasarrubias referred to his objection that the State had "failed to show that it is an exception to the hearsay rule," the trial court overruled Chavezcasarrubias's objection, specifically citing to authentication factors, and the trial court stated that the texts would be allowed into evidence "under Rule 901." *See* Tex. R. Evid. 901 ("Authenticating or Identifying Evidence"). Further, Chavezcasarrubias conducted a voir dire of the State's sponsoring witness, Girl, and the questions asked pertained to whether it could be determined that the text messages had originated from Chavezcasarrubias. Thus, we will review the merits of Chavezcasarrubias's issue.

We review a trial court's evidentiary ruling using an abuse of discretion standard. *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012); *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010), *cert. denied*, 131

3

S. Ct. 2966 (2011). A trial court does not abuse its discretion unless its decision is outside the zone of reasonable disagreement. *Tienda*, 358 S.W.3d at 638. There is no abuse of discretion if the trial court "reasonably believes that a reasonable juror could find that the evidence has been authenticated or identified." *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App.), *cert. denied*, 552 U.S. 1028 (2007).

The issue of authentication arises when the relevancy of evidence is conditioned on its identity. *Campbell v. State*, 382 S.W.3d 545, 548–49 (Tex. App.—Austin 2012, no pet.). Authentication is generally accomplished by direct testimony from a witness with personal knowledge or by circumstantial evidence. *See* Tex. R. Evid. 901; *Manuel v. State*, 357 S.W.3d 66, 74 (Tex. App.—Tyler 2011, pet. ref'd) (stating "proponent must only produce sufficient evidence that a reasonable fact finder could properly find genuineness"). Previous exhibits found to be authenticated include emails, Internet chat room conversations, and text messages. *Tienda*, 358 S.W.3d at 638; *Manuel*, 357 S.W.3d at 74. The *Tienda* court, however, cautioned that an electronic message purporting to come from a certain address, or a respondent in a communication purporting to be a particular individual, or a text message emanating from a device assigned to the purported author, without more, is insufficient to support a finding of authenticity. 358 S.W.3d at 641–42.

For authentication by a witness with knowledge of an electronic communication, a witness qualifies as having knowledge when he participated in

4

an exchange of messages and can testify to an exhibit's fair and accurate depiction of the messages exchanged. Tex. R. Evid. 901(b)(1); *see also Aekins v. State*, No. 04-13-00064-CR, 2013 WL 5948188, at *5–6 (Tex. App.—San Antonio Nov. 6, 2013) (mem. op., not designated for publication), *aff'd*, 447 S.W.3d 270 (Tex. Crim. App. 2014); *Ussery v. State*, No. 03-07-00116-CR, 2008 WL 269439, at *7 (Tex. App.—Austin Jan. 30, 2008, pet. ref'd) (mem. op., not designated for publication) (stating witness's testimony that exhibits were "fair and accurate copies" of messages she had exchanged with defendant was sufficient to authenticate emails).

In this case, Chavezcasarrubias contends that the State failed to adequately demonstrate that the text messages received by Girl were messages from Chavezcasarrubias himself. But the State elicited testimony from Girl that the text messages were a true and accurate depiction of text messages between herself and Chavezcasarrubias. Further, Girl testified that she had witnessed Chavezcasarrubias enter the phone number that the text messages were received from into her phone; that Chavezcasarrubias had previously given her accurate instructions on what to wear and where to be through text messages sent from this same number; that she knew that the phone number belonged to Chavezcasarrubias because she had called him on it and recognized his voice when he answered; and that the text messages contained information with which only she and Chavezcasarrubias would have been familiar.

5

We conclude that Girl's testimony concerning the text messages indicates that Chavezcasarrubias was the author of the messages sent to Girl's phone. *See Tienda*, 358 S.W.3d at 641 ("Sometimes the purported sender has responded to an exchange of electronic communications in such a way as to indicate circumstantially that he was in fact the author of the particular communication."). Thus, the trial court did not abuse its discretion by overruling Chavezcasarrubias's objections to the text messages being introduced into evidence. *See Manuel*, 357 S.W.3d at 76–77, 81–82 (holding sufficient authentication of defendant's phone number after complainant testified to receiving phone calls, text messages, and voicemails from the phone number and because complainant recognized defendant's voice and knew the phone number as defendant's). We overrule Chavezcasarrubias's first issue.

## B.    Text Messages from Another Person

In his second issue, Chavezcasarrubias argues that the trial court "erred in excluding evidence of a text message from a young man who also wanted to have sex with" Girl. Specifically, Chavezcasarrubias argues that his Sixth Amendment right to cross-examination was violated by the trial court's decision to exclude evidence regarding a text message allegedly from a young man, Boy, inquiring about having sex with Girl. The State argues that Chavezcasarrubias failed to preserve this issue for our review. We agree with the State.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds

6

for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S. Ct. 1466, 1472 (1999).

At trial, Chavezcasarrubias argued that Girl's testimony that she had texted with him only regarding sex was "misleading" and that her testimony had "opened the door . . . to talking about any kind of text messages about sex with other people." Chavezcasarrubias argued that he should be allowed to question Girl about, and ostensibly introduce, the text message from Boy who allegedly had inquired about having sex with her. But at no time did Chavezcasarrubias complain that the trial court's exclusion of Boy's text message, or the trial court's ruling forbidding questions regarding the message, violated his Sixth Amendment right to cross-examination. *See Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (holding that a proffer of evidence for purposes of credibility did not preserve a Confrontation Clause argument for appeal because such a proffer did not bring the judge's attention to the appropriate evidence rule or statute); *see also Pointer v. Texas*, 380 U.S. 400, 404, 85 S. Ct. 1065, 1068 (1965) ("It cannot seriously be doubted at this late date that the right of cross-examination is included in the right of an accused in a criminal case to confront the witnesses against him.").

The *Reyna* case is particularly instructive to our disposition of this issue. In *Reyna*, the defendant, charged with indecency with a child, sought to cross-

examine the complainant about a false allegation of sexual abuse that the complainant had allegedly made against another. 168 S.W.3d at 174. In support of admission, the defendant argued that the evidence went to the credibility of the complainant. *Id.* at 179. Later, on appeal, the defendant argued that the exclusion of the evidence violated his Sixth Amendment right to Confrontation. *Id.* The Texas Court of Criminal Appeals held that the defendant forfeited review of the confrontation issue because the credibility argument he made in the trial court could have been based on either the rules of evidence or the right to confrontation; thus, the trial argument did not sufficiently bring to the trial court's attention the basis for the request. *Id.*

Similarly, in the present case, Chavezcasarrubias argued that Boy's text message should have been admitted because Girl's testimony was "misleading" and because she had "opened the door" regarding whether she had texted other persons regarding sex. But Chavezcasarrubias did not sustain his record burden of explaining to the trial court, and by extension to us, why Boy's text message was admissible—whether under an evidentiary rule or statute, as an exception to an evidentiary rule or statute, or under a constitutional provision. We therefore overrule Chavezcasarrubias's second issue.

### C. Girl's Knowledge of Sexual Activity and Websites

In his third issue, Chavezcasarrubias argues that the trial court abused its discretion by not admitting evidence that Girl's knowledge of the "various sexual positions" that she testified to having engaged in with him came from "studying

8

pornography, not from her encounter with" him. Chavezcasarrubias's argument is predicated on the notion that he should have been allowed to introduce evidence of, and question Girl regarding, pornographic websites that she allegedly had visited. The State argues that Chavezcasarrubias has failed to preserve this issue for our review. We agree with the State.

To preserve a complaint that the trial court erroneously excluded evidence, the complaining party must bring forward a record indicating the nature of the evidence. *See* Tex. R. App. P. 33.1, 33.2; Tex. R. Evid. 103(a)(2). If the excluded evidence is not apparent from the context of the record, it must be brought forward either through a timely offer of proof or a formal bill of exception. *Barnard v. State*, 730 S.W.2d 703, 717–18 (Tex. Crim. App. 1987), *cert. denied*, 485 U.S. 929 (1988); *Jenkins v. State*, 948 S.W.2d 769, 775 (Tex. App.—San Antonio 1997, pet. ref'd).

Chavezcasarrubias does not dispute the State's argument that he failed to preserve this issue for our review. In fact, during oral argument before this court, Chavezcasarrubias admitted that his offer of proof made at trial did not contain evidence that Girl had seen the specific types of sexual acts that she had described having participated in with him via any of the websites she allegedly had visited. Instead, Chavezcasarrubias argued that the trial court "shut [him] down" from making a full and proper offer of proof. Our reading of the record not only belies this contention, it appears that the trial court went to extraordinary measures to allow Chavezcasarrubias to make his offer of proof. Indeed, during

9

a hearing held outside the jury's presence pertaining to Girl's alleged history of visiting pornographic websites, Chavezcasarrubias contended that he was unprepared to make a proper offer of proof and that he would need to retrieve pertinent information in order to do so. The trial court stated that it would allow Chavezcasarrubias to retrieve the pertinent information and make a formal ruling only after Chavezcasarrubias had made his full offer of proof. True to its word, the trial court later held a second hearing outside the presence of the jury where Chavezcasarrubias questioned Girl about whether she had visited certain websites.

Girl averred that she had visited at least one of the websites. Chavezcasarrubias, however, never questioned Girl or otherwise proffered any evidence or testimony concerning whether the websites that Girl allegedly had visited contained depictions of the types of sexual acts that she had testified to having participated with Chavezcasarrubias in, nor did he even question her about whether these websites contained such information. Thus, Chavezcasarrubias has failed to bring forth a record containing the excluded evidence he now complains about. *See Shafer v. State*, 82 S.W.3d 553, 555 (Tex. App.—San Antonio 2002, pet ref'd.) (holding that defendant failed to preserve claim that evidence of complainant's consensual sexual history was relevant because defendant did not file a timely bill of exceptions nor point to any evidence in record setting forth the excluded evidence). We overrule Chavezcasarrubias's third issue.

10

**D.    The State's Argument at Punishment**

In his fourth issue, Chavezcasarrubias argues that the trial court erred by overruling his objection to the State's argument, made during punishment, that if Girl "were six months younger," he would have been facing a higher degree of punishment range.  The State argues that Chavezcasarrubias failed to preserve this issue for our review as well.  We agree with the State.

To preserve error for appellate review, a party must object when improper argument is made and obtain a ruling on that objection.  Tex. R. App. P. 33.1(a); *Johnson v. State*, 233 S.W.3d 109, 114 (Tex. App.—Houston [14th Dist.] 2007, no pet.).  The objection must be made at the earliest possible opportunity. *Espinosa v. State*, 194 S.W.3d 703, 708 (Tex. App.—Houston [14th Dist.] 2006, no pet.). And an objection must be lodged each time the allegedly improper argument is made.  *Haliburton v. State*, 80 S.W.3d 309, 315–16 (Tex. App.—Fort Worth 2002, no pet.); *Briones v. State*, 12 S.W.3d 126, 129 (Tex. App.—Fort Worth 1999, no pet.).  Failure to object to jury argument at trial forfeits the right to raise the issue on appeal.  Tex. R. App. P. 33.1; *Simpson v. State*, 119 S.W.3d 262, 268 (Tex. Crim. App. 2003).

Although Chavezcasarrubias objected the second time the State made the complained-of argument, he did not object to the State's having argued the very same argument several record paragraphs earlier.  Thus, Chavezcasarrubias did not lodge an objection each time this allegedly improper argument was made, and he has failed to preserve this issue for our review.  *See Briones*, 12 S.W.3d

11

at 129 (holding that defendant failed to preserve any error in prosecutor's allegedly improper argument made during punishment phase of trial for sexual assault of a child because defendant did not object when prosecutor made other comments to same effect). We overrule Chavezcasarrubias's fourth issue.

## III. CONCLUSION

Having overruled all four of Chavezcasarrubias's issues on appeal, we affirm the trial court's judgments.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: GARDNER, MEIER, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 15, 2015