# Court of Appeals

## Tenth Appellate District of Texas

---

### 10-23-00144-CR

---

Adam Odell Lenamond,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
77th District Court of Limestone County, Texas
Judge Patrick H. Simmons, presiding
Trial Court Cause No. 15414-A

---

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Adam Odell Lenamond was convicted of continuous sexual abuse of a child under 14 years of age and sentenced to 60 years in prison. *See* TEX. PENAL CODE 21.02(b). Because the trial court did not abuse its discretion in denying Lenamond's motion for mistrial and motion for new trial, and because Lenamond did not preserve his facial challenge to the constitutionality of the continuous sexual abuse statute, the trial court's judgment is affirmed.

Lenamond does not challenge the sufficiency of the evidence to support his conviction. Thus, we do not discuss the facts of this case.

**MISTRIAL**

In his first issue, Lenamond complains the trial court abused its discretion in denying Lenamond's motion for mistrial based on Lenamond's discovery that a member of the gallery in the courtroom was allegedly coaching the victim, E.H., during her testimony.

During a break in the trial proceedings after E.H.'s testimony, Lenamond requested a motion for mistrial because a spectator, later identified as the victim assistance coordinator, was alleged to have coached E.H. during her testimony. In support of this motion, Lenamond called four witnesses: Karen Harrison, Dave Hildebrandt, Kim Rumfield, and E.H.

Harrison, who had a prior relationship with Lenamond, testified that a woman in the courtroom would smile and nod or "smile and slightly shake her head to the left and right." Harrison claimed the woman's head moving was consistent with E.H.'s answers of "yes" and "no." Harrison did not see the woman use her hands at all to signal E.H. Hildebrandt, Lenamond's bondsman and counsel's former son-in-law, testified he saw the same woman nod her head "yes" during E.H.'s direct testimony when E.H. "would kind of stop for a little while." He did not see the nod to any specific question and did not see the

woman shake her head no. Rumfield, Lenamond's daughter, also said she noticed the woman "steadily shaking her head 'yes/no' as questions were being asked [of E.H.]." Rumfield testified it started when E.H. was asked if "she had to put her mouth on there." At first, she thought the motion by the woman was just a nervous tic, but then thought it was more deliberate.

E.H. was the last witness to testify. She did not know why she was being called back to the stand. She had not been in the courtroom when the motion for mistrial was made or when the mistrial witnesses had testified. E.H. testified that the victim assistance coordinator did not help her answer any of the questions asked of E.H. during her trial testimony. The coordinator had only signaled E.H. to drink water.

After hearing argument from both sides, the trial court noted on the record that "…from the Court's perspective, I may be the only one or one of the few that's actually staring out into the courtroom and I did not notice anything." He then denied the motion for mistrial.

A mistrial is appropriate only in extreme circumstances for a narrow class of highly prejudicial and incurable errors. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). We review the denial of a motion for mistrial under an abuse-of-discretion standard. *Archie v. State*, 221 S.W.3d 695, 699-700 (Tex. Crim. App. 2007). We view the evidence in the light most favorable to the trial

court's ruling, considering only those arguments before the court at the time of the ruling.  *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009).  The ruling must be upheld if it was within the zone of reasonable disagreement. *Id.*

Three of the witnesses called to testify were interested witnesses for Lenamond.  E.H., who did not know why she had been called back into court, denied any instructions from the victim assistance coordinator except to drink water.  Even the trial court could not see any coaching by the coordinator. Accordingly, considering the particular facts of this case, we cannot say the trial court abused its discretion in denying the motion for mistrial.

Lenamond's first issue is overruled.

## NEW TRIAL

In his second issue, Lenamond asserts the trial court abused its discretion in failing to grant Lenamond's motion for new trial based upon newly discovered evidence:  a video of the victim assistance coordinator during E.H.'s testimony.  Lenamond contends he should have been granted a new trial because the video corroborated what witnesses said at the motion for mistrial hearing.

A new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial. TEX. CODE CRIM.

PROC. ANN. art. 40.001. To obtain relief under article 40.001, the defendant must satisfy the following four-prong test: (1) the newly discovered evidence was unknown or unavailable to the defendant at the time of trial; (2) the defendant's failure to discover or obtain the new evidence was not due to the defendant's lack of due diligence; (3) the new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence is probably true and will probably bring about a different result in a new trial. *State v. Arizmendi*, 519 S.W.3d 143, 149 (Tex. Crim. App. 2017). The trial court is the exclusive judge of the credibility of the evidence, regardless of whether the evidence is controverted, and its ruling will be reversed only for an abuse of discretion, that is, if it is arbitrary or unsupported by any reasonable view of the evidence. *Najar v. State*, 618 S.W.3d 366, 372 (Tex. Crim. App. 2021). If the movant fails to establish any one of these elements, the trial court does not abuse its discretion by denying the motion for new trial. *Jones v. State*, 234 S.W.3d 151, 157 (Tex. App.—San Antonio 2007, no pet.); *Shafer v. State*, 82 S.W.3d 553, 556 (Tex. App.—San Antonio 2002, pet. ref'd).

At the motion for new trial hearing, Lenamond introduced a video of a woman, later identified as the victim assistance coordinator, sitting on the front row of the courtroom gallery who, arguably, made some slight nodding

motions.[1]  Lenamond's brother took the video with his cell phone during Lenamond's trial.  Both parties vigorously argued about whether Lenamond or his attorney knew of or could have discovered the video at the time of the trial.

Regardless, this video merely corroborated the witnesses' testimony at the motion for mistrial hearing.  Further, there is no evidence or argument that the video would probably bring about a different result *in a new trial*.  On appeal, Lenamond asserts that the video would probably bring about a different result in the previously denied motion for mistrial.  That is not a factor in our review of a trial court's denial of a motion for new trial.  As the State argued to the trial court, "This is not a hearing to supplemental [sic] his Motion for Mistrial.  This is a hearing where he is arguing he wants a new trial to be able to present this evidence to a jury."  Lenamond requested a new trial.  There was nothing presented at trial or on appeal that this video would probably bring about a different result in a new trial.

Accordingly, the trial court did not abuse its discretion in denying the motion for new trial, and Lenamond's second issue is overruled.

## UNCONSTITUTIONAL STATUTE

In his third and final issue, Lenamond asserts that Texas Penal Code Section 21.02, the continuous sexual abuse statute, is facially unconstitutional.

---

[1] The video also showed the woman making drinking motions which corroborated E.H.'s testimony during the motion for mistrial regarding the only signals the woman made to her.

Lenamond concedes that he did not preserve this issue by objecting at trial and that this Court cannot properly address it.[2] *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (a facial challenge to the constitutionality of a statute may not be raised for the first time on appeal). Lenamond's third issue is overruled.

**CONCLUSION**

Having overruled each of Lenamond's issues on appeal, we affirm the trial court's judgment.

LEE HARRIS
Justice

OPINION DELIVERED and FILED: May 8, 2025

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Affirmed
Do Not Publish
[CRPM]



---

[2] Lenamond raises this issue to preserve the error for potential review in the Court of Criminal Appeals.